UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL TICKNER                                          CIVIL ACTION NO. 14-2679

VERSUS                                                           JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by Defendant, Officer K.P. Anderson ("Officer Anderson"). See Record Document 16. Officer Anderson moved for summary judgment in his favor on the grounds that all claims asserted against him in his individual capacity are barred by Heck v. Humphrey.[1] Plaintiff Michael Tickner ("Tickner") has opposed the motion. See Record Document 28. For the reasons set forth below, Officer Anderson's Motion for Summary Judgment is **GRANTED** and all of Tickner's claims against Officer Anderson in his individual capacity are **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND.**

The incident forming the basis of this lawsuit occurred on September 7, 2013 at the El Dorado Casino/Hotel in Shreveport, Louisiana. See Record Document 16-1 at ¶ 1; Record Document 28-4 at A¶ 1. Tickner and his girlfriend, Jessica Renaud ("Renaud"), were guests/patrons at the El Dorado Casino/Hotel. See Record Document 16-1 at ¶ 2;

---

[1] Officer Anderson moved for summary judgment in his favor on the grounds that all claims asserted against him were barred under Heck v. Humphrey, that he is entitled to qualified immunity, and that all actions of Officer Anderson were reasonable under the totality of the circumstances. See Record Document 16. Because the Court has decided the motion under Heck, it need not reach the qualified immunity and the reasonable under the totality of the circumstances arguments.

Record Document 28-4 at ¶A 2. A dispute arose between Tickner and the El Dorado Casino personnel. See Record Document 16-1 at ¶ 3; Record Document 28-4 at A¶ 3. Tickner and Renaud were asked to vacate the El Dorado property. See Record Document 16-1 at ¶ 4; Record Document 28-4 at A¶ 4. Three officers with the Shreveport Police Department, including Officer Anderson, were asked to assist El Dorado personnel in removing Tickner and Renaud from the property. See Record Document 16-1 at ¶ 5; Record Document 28-4 at A¶ 5. Officer Anderson, the other two officers, at least one El Dorado employee, Tickner, and Renaud proceeded through the El Dorado Casino, up an elevator, and down a hallway to Tickner's hotel room.

While contested by Tickner, Officer Anderson alleges that he was elbowed by Tickner when he was entering Tickner's hotel room. See Record Document 16-1 at ¶ 6; Record Document 28-4 at A¶ 6. According to Officer Anderson, this resulted in him pushing/shoving Tickner forward. See id. Officer Anderson then recalls Tickner falling to the floor. See Record Document 16-1 at ¶ 7; Record Document 28-4 at A¶ 7. According to Officer Anderson, he struck Tickner approximately twice in the shoulder blade area and then Tickner was handcuffed and placed under arrest for battery of an officer. See id. Tickner alleges that Officer Anderson repeatedly struck him and violently attacked him. See Record Document 28-4 at B¶¶ 4-6. Tickner maintains that Officer Anderson's actions were without notice, provocation, or justification. See id. at B¶ 8.

Prior to being taken to the Shreveport Police Department jail, Tickner stated that he had consumed approximately six Jack Daniels and Coke and had taken prescription pain medication. See Record Document 16-1 at ¶ 8; Record Document 28-4 at A¶ 8. Tickner plead guilty to an amended charge of resisting an officer in Shreveport City Court on

February 21, 2014.  See Record Document 16-1 at ¶ 9; Record Document 28-4 at A¶ 9.

Ticker filed the instant lawsuit on September 8, 2014.  He alleges violations of his Fourth and Fourteenth Amendment rights in this civil rights action.  He also alleges parallel violations of state law.  As to the individual capacity claims against Officer Anderson, Ticker maintains that he was subjected to cruel and unusual punishment, unjust and unreasonable seizure and detention, and excessive use of force.  See Record Document 1 at ¶ 32.  In the instant motion, Officer Anderson seeks dismissal of all Section 1983 claims and state law claims against him in his individual capacity.  See Record Document 16.

In his Motion for Summary Judgment, Officer Anderson addressed Tickner's false arrest claim, excess force claim, and pendant state law claims.  See Record Document 16.  In opposing Officer Anderson's motion, Tickner defended only the excessive force and related state law claims.  See Record Document 28.  Thus, the Court deems Tickner's Section 1983 false arrest claim and any pendant state law claim relating to false arrest abandoned.  See Black v. Panola Sch. Dist., 461 F.3d 584, 588 n. 1 (5th Cir.2006) (plaintiff abandoned retaliatory abandonment claim when she failed to defend claim in response to motion to dismiss); Vela v. City of Houston, 276 F.3d 659, 678-679 (5th Cir.2001) (limitations defense not raised in response to motion for summary judgment or supplemental answer was abandoned); Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1164 (5th Cir.1983) (party "in his opposition to a motion for summary judgment cannot abandon an issue and then . . . by drawing on the pleadings resurrect the abandoned issue" and in response to motion for summary judgment, plaintiff failed to address two theories pleaded in complaint or mention "a single fact that would trigger a genuine issue

on these theories").

## II. LAW AND ANALYSIS.

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th

Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005). Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007). In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

While not labeled as such, the instant motion is a motion for partial summary judgment. "A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

 **B.** **Heck v. Humphrey.**

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages

>in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, absence of some other bar to the suit.

Id. at 486-487, 114 S.Ct. at 2372-2373.

Tickner does not contest that he plead guilty to an amended charge of resisting an officer[2] in Shreveport City Court on February 21, 2014. See Record Document 16-5 (Report of Court Proceedings). This conviction has not been reversed on direct appeal, expunged, declared invalid or otherwise called into question in a habeas proceeding. Thus, Tickner's excessive force claims may be entertained only if the Court determines that a ruling in his favor will not necessarily call into question the validity of his conviction.

**C.  Analysis.**

Officer Anderson seeks dismissal of Tickner's Section 1983 excessive force claim and pendant state law claims on the ground that such claims are barred by the Heck doctrine. Tickner does not dispute that Heck bars certain claims, but argues that "a claim of excessive force that is temporally and conceptually distinct from the conviction would not be barred by Heck." Record Document 28 at 12, *citing* Walter v. Horseshoe Entm't, 483

---

[2]La R.S. 14:108(A) provides:

Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.

Fed.Appx. 884, 887 (5th Cir. 2012). Tickner maintains that his actions on the casino floor, and immediately outside his hotel room were sufficient to support his conviction for resisting an officer. See Record Document 28 at 14. Tickner further denies that he violated La. R.S. 14:108 by resisting officers inside his hotel room. See id. Simply put, Tickner contends that Tickner's conduct on the floor of the casino, in the public areas of the casino, and immediately outside of his hotel room "is temporally and conceptually distinct from the incident in the hotel room." Id. at 17-18. According to Tickner, a decision by this Court or by a jury concerning the conduct entirely in his hotel room will not impugn the validity of the resisting an officer conviction. See id. at 18.

Conversely, Officer Anderson argues that Tickner is attempting to create two separate "incidents" to circumvent the Heck bar. Officer Anderson has presented this Court with "Report of Court Proceedings" that evidence Tickner plead guilty to resisting an officer under La. R.S. 14:108. Nothing in the minutes indicates when and/or how the resisting of an officer occurred. The minutes do indicate that the charge of simple battery of an officer under La. R.S. 14:34.2 was amended. In relation to his conduct on the floor of the casino and in the public areas of the casino, Tickner himself admitted in his deposition that "it was really calm. It was just letting them know I didn't – that I wasn't resisting anything, I was fine with leaving." Record Document 29-1 at 6. Tickner further stated that there was no arguing with the Shreveport Police officers walking to the elevator. See id. at 47-48. It is also undisputed that Tickner was not charged with any crime prior to the events inside the hotel room.

The Court finds that Tickner's Section 1983 excessive force claim is barred by Heck. Such a claim simply cannot coexist with a conviction for resisting an officer. In Arnold v.

Town of Slaughter, No. 03-30941, 2004 WL 1336637 (5th Cir. June 14, 2004), the Fifth Circuit examined the excessive force claim of a Section 1983 plaintiff who had been convicted of resisting an officer in a Louisiana state court. Mr. Arnold maintained that he did nothing to provoke the officer's action; he had done nothing wrong; and he had been viciously attacked for no reason. See id. at *2. The Fifth Circuit concluded that Mr. Arnold's "suit squarely challenge[d] the factual determination that underlie[d] his conviction for resisting an officer." Id. at *3. The court reasoned that the suit was barred by Heck. See id. Tickner, like Mr. Arnold, contends that he did nothing to interfere with or resist Officer Anderson. He maintains that he was attacked without notice, provocation, or justification. Tickner's allegations in the instant matter, therefore, squarely challenge the factual determinations underlying his conviction for resisting an officer. See Pratt v. Giroir, No. 07-1529, 2008 WL 975052, *5-6 (E.D.La. Apr. 8, 2008) (Fifth Circuit precedent is clear that when a plaintiff alleges excessive force during or simultaneous with an arrest, such claims are barred under Heck); Walker v. Munsell, No. 08-30087, 2008 WL 2403768, *1 (5th Cir. June 13, 2008) ("Appellant's claim . . . is not that the officers used excessive force after he stopped resisting or to stop his resistance; his claim is based solely on his assertions that he did not resist arrest, did nothing wrong, and was attacked by the Appellee officers for no reason. Thus, Appellant's suit squarely challenges the factual determination that underlies his conviction for resisting an officer, and if he prevails, he will have established that his criminal conviction lacks any basis. This type of excessive force claim is, therefore, the type of claim that is barred by Heck in our circuit."). This Court is not convinced by Tickner's argument that his claim of excessive force is temporally and conceptually distinct from his conviction; thus, summary judgment in favor of Officer

Anderson is **GRANTED** as to the Section 1983 excessive force claim.

Tickner has also alleged state law tort claims arising from the same allegations of excessive force during the September 7, 2013 incident. The Fifth Circuit has stated that Louisiana's excessive force tort mirrors its federal constitutional counterpart. See Elphage v. Gautreaux, 969 F.Supp.2d 493, 515 (M.D. La. 2013), *citing* Deville v. Marcantel, 567 F.3d 156, 172-173 (5th Cir.2009). The Fifth Circuit has also applied Heck to a state law tort action explaining that the Heck rule was developed in deference to the principle that civil tort actions are not suitable vehicles for challenging the validity of outstanding criminal judgments. See Lavergne v. Martinez, No. CIV.A. 6:13-2121, 2014 WL 897837, at *5 n. 2 (W.D. La. Mar. 6, 2014), *aff'd*, 567 Fed.Appx. 267 (5th Cir. 2014), *citing* Walter v. Horseshoe Entertainment, 483 Fed.Appx. 884, 887 (5th Cir.2012). Thus, "the Fifth Circuit has applied Heck to bar Louisiana state law claims." Lavergne, 2014 WL 897837, at *5 n. 2, *citing* Thomas v. La. Dep't of Soc. Servs., 406 Fed.Appx. 890, 897-8898 (5th Cir.2010); see also DeLeon v. City of Corpus Christi, 488 F.3d 649, 652 n. 3 (5th Cir.2007) (affirming dismissal of state law claims under Heck noting that "[t]he Heck court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."). Because the Heck doctrine applies equally to federal and state law claims, Tickner is barred from asserting state law claims arising from his allegations of excessive force. Officer Anderson's Motion for Summary Judgment is **GRANTED** as to Tickner's state law claims.

### III. CONCLUSION.

The Court finds that Tickner's Section 1983 excessive force claim and the pendant

state law claims asserted against Officer Anderson in his individual capacity are barred by Heck. Accordingly, the Motion for Summary Judgment filed by Officer Anderson (Record Document 16) be and is hereby **GRANTED**. All of Tickner's claims against Officer Anderson in his individual capacity be and are hereby **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of February 2017.

*/s/ A. Maurice Hicks/*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE