**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

MICHAEL TICKNER                         CIVIL ACTION NO. 14-2679

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.              MAGISTRATE JUDGE HORNSBY


**MEMORANDUM RULING**

Before the Court is an unopposed "Motion for Partial Summary Judgment on Behalf of The City of Shreveport, Chief Willie Shaw, and K.P. Anderson, in Their Official Capacities." See Record Document 19. These Defendants (sometimes referred to as "the City Defendants") seek dismissal of all of Plaintiff Michael Tickner's ("Tickner") Section 1983 claims and punitive damages claims against them in their official capacities. For the reasons set forth below, the City Defendants' Motion for Partial Summary Judgment is **GRANTED**. The Section 1983 claims against the City and the Section 1983 official capacity claims against Chief Shaw and Officer Anderson are **DISMISSED WITH PREJUDICE**. Tickner's punitive damages claim under federal and state law against the City Defendants are likewise **DISMISSED WITH PREJUDICE**.

**I.      BACKGROUND.**

Tickner alleges violations of his Fourth and Fourteenth Amendment rights in this civil rights action. He also alleges parallel violations of state law. Ticker maintains that he was subjected to the use of excessive force by officers of the Shreveport Police Department and has sued the City of Shreveport ("the City"), Chief Willie Shaw ("Chief Shaw"), in his individual and official capacity, and K.P. Anderson ("Officer Anderson"), in his individual

and official capacity.  <u>See</u> Record Document 1 at ¶¶ 9-11.  The individual capacity claims against Chief Shaw were dismissed on August 25, 2015.  <u>See</u> Record Document 13.  In the instant Motion for Partial Summary Judgment, the City Defendants seek dismissal of Tickner's Section 1983 claims and punitive damages claims against the City and Chief Shaw and Officer Anderson in their official capacities.  <u>See</u> Record Document 19.

The City Defendants assert that it is not the policy or practice of the Shreveport Police Department to use excessive, unnecessary, or unreasonable force.  <u>See</u> Record Document 19-3 at ¶ 2 (Concise Statement of Material Facts as to Which There is No Issue to be Tried on Behalf of the City Defendants).  According to the City Defendants, officers of the Shreveport Police Department are trained in the proper use of force, and are instructed to only use the amount of force that the officers believe is necessary under the circumstances.  <u>See id.</u> at ¶ 3.  In support of their motion, the City Defendants have submitted the affidavit of Sgt. Rodney Horton ("Sgt. Horton"), a member of the Shreveport Police Department and an instructor at the Shreveport Police Academy.  <u>See</u> Record Document 19-2.  Sgt. Horton stated:

> All officers are also instructed at the Police Academy and during yearly updates regarding the use of force, and are instructed not to use unnecessary force in the performance of their duties.
>
> The use of excessive force is not tolerated, and allegations of excessive force are investigated and discipline issued where warranted.
>
> It is not the policy of the Shreveport Police Department to arrest without probable cause.
>
> Officers of the Shreveport Police Department are trained regarding probable cause, and are instructed to arrest only when probable cause exists.
>
> Officers are also taught regarding detentions and that reasonable

suspicion in necessary to detain a suspect.

Id.; see also Record Document 19-3 at ¶¶ 4-8.

The City Defendants filed the instant Motion for Partial Summary Judgment on November 4, 2015.  See Record Document 19.  A Notice of Motion Setting was issued by the Clerk of Court on November 5, 2015, stating:

> Any party who opposes the motion may file a memorandum in opposition within fourteen (14) calendar days from the date of this notice.

Record Document 20.  On November 16, 2015, the Court granted Tickner's motion for extension of time and ordered that opposition to the pending motion for partial summary judgment be filed no later than December 16, 2015.  See Record Document 23.  Another extension of time was granted on December 16, 2015 and the Court set December 30, 2015 as the new opposition deadline.   See Record Document 27.  To date, Tickner has failed to oppose the instant Motion for Partial Summary Judgment.[1]

## II.    LAW AND ANALYSIS.

### A.    Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

---

[1]Officer Anderson filed a Motion for Summary Judgment addressing the individual capacity claims against him.  See Record Document 16.  Tickner timely opposed that motion.  See Record Document 28.

case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

Local Rule 56.1 provides that "every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.2 requires that the nonmovant's opposition "include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." "All material facts set

forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."  L.R. 56.2; <u>see also</u> F.R.C.P. 56 (e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion.").

### B.   Analysis.

In the present matter, Tickner has not filed an opposition to the City Defendants' Motion for Partial Summary Judgment.  Because the material facts set forth by the City Defendants have not been controverted, such facts will be deemed admitted for purposes of the instant motion.  <u>See</u> Record Document 19-3; <u>see also</u> L.R. 56.2 & F.R.C.P. 56 (e)(2).

<u>Section 1983 Claims Against the City & Official Capacity Claims Against Chief Shaw and Officer Anderson</u>

Tickner's official capacity claims against Chief Shaw and Officer Anderson are simply another way of pleading <u>Monell</u> claims against the City.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3105 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.").  Here, Tickner's claims against the City fail because Tickner cannot establish a constitutionally deficient policy or custom of the City that caused injury.

In <u>Monell v. Dept. of Social Serv.</u>, 436 U.S. 658, 98 S. Ct. 2018 (1978), the Supreme Court held that a municipality cannot be held liable for constitutional torts under Section 1983 under a theory of *respondeat superior*, but they can be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  <u>Id.</u> at 691,

694, 98 S. Ct. at 2036, 2037-2038.  To succeed on a <u>Monell</u> claim against a municipality, the plaintiff must establish (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom.  <u>See</u> <u>McGregory v. City of Jackson</u>, No. 08-60944, 2009 WL 1833958, *2 (5th Cir. 2009), *citing* <u>Rivera v. Houston Indep. Sch. Dist.</u>, 349 F.3d 244, 247-49 (5th Cir. 2003).

Ticker failed to oppose the instant motion; thus, the following facts are deemed admitted:

- It is not the policy or practice of the Shreveport Police Department to use excessive, unnecessary, or unreasonable force.

- Officers of the Shreveport Police Department are trained in the proper use of force, and are instructed to only use the amount of force that the officers believe is necessary under the circumstances.

- All officers are also instructed at the Police Academy and during yearly updates regarding the use of force, and are instructed not to use unnecessary force in the performance of their duties.

- The use of excessive force is not tolerated, and allegations of excessive force are investigated and discipline issued where warranted.

Record Document 19-3 at ¶¶ 2-5.  With these facts deemed admitted, Tickner has failed to identify an official policy or custom, thereby preventing him from establishing that such policy or custom was the moving force behind the alleged violation of his constitutional rights.  <u>See</u> <u>McGregory</u>, 2009 WL 1833958, *2.  Summary judgment in favor of the City Defendants is **GRANTED** and the Section 1983 claims against the City and the Section 1983 official capacity claims against Chief Shaw and Officer Anderson are **DISMISSED WITH PREJUDICE**.

Punitive Damages

As previously held, the official capacity claims against Chief Shaw and Officer Anderson are simply another way of stating Section 1983 Monell claims against the City. The Supreme Court has held "that a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762 (1981).   Likewise, Louisiana law does not permit the recovery of punitive damages against the City Defendant under the circumstances presented by this case.  See 12 LA Civil Law Treatise § 4:9, *citing* La. C.C. Arts. 2315.3, 2315.4, 2315.7 & 3546.  The City Defendants' Motion for Partial Summary Judgment is **GRANTED** as to Tickner's claim for punitive damages under federal and state law.

III.   **CONCLUSION.**

The Court finds that Tickner's official capacity claims against Chief Shaw and Officer Anderson are simply another way of pleading Section 1983 Monell claims against the City. As to the Monell claims, Tickner has failed to meet his burden of identifying an official policy or custom of the City, thereby preventing him from establishing that such policy or custom was the moving force behind the alleged violation of his constitutional rights.  The Court further finds that punitive damages are not available under federal or state law.  For these reasons, the Motion for Partial Summary Judgment filed by the City Defendants is **GRANTED**.  The Section 1983 official capacity claims and all punitive damages claims against the City Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.[2]

---

[2]Tickner alleged that the City is vicariously liable for the actions of its police officers and that it was negligent in screening, training, supervising and disciplining police officers under Louisiana state law.  See Record Document 1 at ¶¶ 48-49.  These claims were not addressed in the instant motion and remain.  However, because the Court has dismissed

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of February 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

all federal claims in the instant matter, it declines to exercise supplemental jurisdiction over the remaining state law claims against the City.  See 28 U.S.C. § 1367(c)(3); Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir.), cert. denied, 516 U.S. 818, 116 S.Ct. 75 (1995) (district court did not abuse discretion by remanding remaining state claims).  Such claims are **DISMISSED WITHOUT PREJUDICE**.